UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY DEWAYNE CRAIG ) | |
| ) | CASE NO. 04-11287 |
| Debtor ) | |
| ) | |
| ) | |
| GARY DEWAYNE CRAIG ) | |
| ) | AP NO. 05-1002 |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MORGAN STAPP ) | |
| KATHLEEN STAPP ) | |
| K & M CRAFTS OF KENTUCKY, ) | |
|   INC. ) | |
| ) | |
| Defendant(s) ) | |
| ) | |

**MEMORANDUM-OPINION**

This matter came before the Court for trial on August 25, 2005 on the Complaint of Debtor/Plaintiff Gary Dewayne Craig ("Debtor") against Defendants Morgan Stapp ("Morgan"), Kathleen Stapp ("Kathleen") and K & M Crafts of Kentucky, Inc. ("K & M") (collectively referred to herein as the "Defendants"). Based upon the submissions of the parties and the testimony and evidence introduced at trial, the Court will enter Judgment in favor of the Defendants. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

## FINDINGS OF FACT

The Defendants first became acquainted with Debtor when he went to work as a mechanic for a business owned by Morgan, Cox Cabinet, a cabinet making business. Kathleen is the sole owner of K & M, a corporation which leased wood-working equipment to Cox Cabinet. Gradually, Morgan increased Debtor's job duties and responsibilities at Cox Cabinet. This expansion included hiring and dealing with customers and vendors.

K & M had an outstanding loan with Bank One with a balance in the approximate amount of $18,000. Bank One held a lien on K & M's wood-working equipment.

In July of 2002, it became clear that Cox Cabinet was having financial difficulty. It ceased making lease payments to K & M which resulted in K & M missing several scheduled payments on the Bank One loan. The Stapps testified that Debtor was aware of the financial problems of Cox Cabinet and offered to renegotiate the Bank One loan. Debtor testified that Morgan told him that he had to close the cabinet business and suggested he and Morgan open a new company. According to Debtor, Morgan suggested that Debtor purchase the K & M equipment to use in the new business. The Stapps testified that they did not discuss Debtor's purchase of the K & M equipment.

In November of 2002, Debtor approached Bank One about renegotiating the K & M debt with Bank One. Bank One required the Stapps' authorization before it would negotiate with Debtor. On November 5, 2002, the Stapps gave their authorization in a letter which stated, "Mr. Gary Craig has our permission to negotiate a settlement with Bank One. Please give him any necessary information in regards to this account."

Following receipt of the November 5, 2002 letter to Bank One, Debtor obtained a loan from Citizens Bank & Trust of Campbellsville in the amount of $22,000. The note on that loan states that

-2-

the purpose of the loan was to "purchase equipment/inventory of K & M Crafts." The Citizens' loan was secured by some of Debtor's personal assets. Debtor also signed a Financing Statement and Security Agreement with Citizens on the business equipment and inventory identified as "K & M Crafts." The Stapps did not give Debtor authority to pledge the assets of K & M Crafts for any loan.

Upon the closing of the Citizens' loan with Debtor, Citizens issued a check in the amount of $15,000 which paid off the K & M loan with Bank One. Debtor received the remaining $7,000 of the Citizens' loan. Debtor claimed that he used the $7,000 for start up costs and to rent space for the new business with Morgan. The K & M equipment was eventually moved to this new location because Cox Cabinet went out of business. The Stapps and K & M have remained in possession of the keys to the building where the equipment is located. The Stapps have also continued to pay rent on this building.

Debtor claims that the Stapps never repaid the $15,000 used to pay off Bank One loan. The testimony at trial established that Debtor was paid this sum through several business transactions with customers of the Stapps. Debtor, however, defaulted on his loan with Citizens.

Citizens filed suit against Debtor and obtained a Judgment against him. Debtor then filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. In his Chapter 13 Plan, Debtor proposed to sell the K & M equipment to satisfy his debt to Citizens.

Debtor initiated this adversary proceeding on January 4, 2005. In this action, Debtor asserted that he owned the equipment. He did not raise the claim that he had actually purchased the equipment until he filed his Response to the Stapps' Motion for Summary Judgment. The Court denied the Stapps' motion because material factual issues were in dispute. The Stapps then moved

to amend their Answer to assert the Statute of Frauds as a defense. Following trial, the Court ordered the parties to submit post-trial briefs on the Statute of Frauds issue.

## CONCLUSIONS OF LAW

The pertinent provisions of Kentucky's Statute of Frauds are as follows:

(1) . . .a contract for sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states any term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

. . . . .

(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in either respects is enforceable.

. . . . .

    (c) with respect to goods for which payment has been made and accepted or which have been received and accepted.

KRS 355.2-201.

The Stapps alleged that the Statute of Frauds applies in this case because K & M never sold its equipment to Debtor and there is no contract in writing upon which Debtor may rely. Debtor contends that the November 5, 2002 authorization to Bank One signed by the Stapps constitutes a sufficient writing to satisfy the Statute of Frauds. Debtor further contends that if that writing is insufficient, then subsection (3)(c) of the statute applies.

The Statute of Frauds forbids the enforcement of an oral contract unless there is some writing sufficient to indicate that a contract for sale has been made. Kentucky courts interpret this requirement loosely. Commonwealth Aluminum Corp. v. Stanley Metal, Assoc., 186 F. Supp. 2d

770, 771 (Bankr. W.D. Ky. 2001). The writing, however, must meet three definite and invariable requirements:

> (1) it must evidence a contract for the sale of goods;
> (2) it must be "signed", a word which includes any authentication which identifies the party to be charged; and
> (3) it must specify a quantity.

Id.; citing UCC 2-201, off. com. 1. These basic elements are simply not met in this case.

Debtor asserts that the authorization signed by the Stapps with Bank One suffices to meet the writing requirement. That document, however, is not signed by K & M, the party to be charged. Furthermore, there is no quantity referenced in the writing. The writing also does not evidence a contract for the sale of goods. At most, it gives Debtor the authority to settle an account between Bank One and the Stapps. This writing is insufficient to meet the requirements of the Statute of Frauds.

Debtor's claim is that he contracted with the Stapps and/or K & M for the sale of the woodworking equipment. This claim requires evidence of a written contract for a sale of goods over $500. Debtor's claim fails as a matter of law because it does not satisfy KRS 355.2-201.

Debtor's reliance on KRS 355.2-201(3)(c) is also misplaced. This exception to the requirement of a writing requires proof of receipt and acceptance of the goods. The equipment was moved to a new location because Cox Cabinet was not paying its bills and it needed a new location with electricity in order to use the equipment. The Stapps allowed some of their employees to use the equipment on other projects as long as the expenses associated with the its use were paid. Debtor paid the first six months' rent on the new location. The Stapps, however, always maintained the keys to the building. Kathleen testified that Debtor was reimbursed for all of his expenses. In any event, Debtor never took physical possession of the equipment and after the initial six month

period, K & M continued to possess the equipment and pay rent on the building where it was stored. This evidence negates any claim that Debtor received and accepted the equipment in accordance with KRS 355.2-201(3)(c). Accordingly, Judgment in favor of the Defendants is appropriate.

## CONCLUSION

For all of the above reasons, Judgment in favor or the Defendants Morgan Stapp, Kathleen Stapp and K & M Crafts of Kentucky, Inc. on the Complaint of Debtor/Plaintiff Gary Dewayne Craig is **GRANTED**. A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE:       )<br>              )<br>    GARY DEWAYNE CRAIG    )<br>              )<br>         Debtor    )<br>              ) | CASE NO.  04-11287 |
| GARY DEWAYNE CRAIG    )<br>              )<br>         Plaintiff    )<br>              )<br>v.            )<br>              )<br>MORGAN STAPP      )<br>KATHLEEN STAPP      )<br>K & M CRAFTS OF KENTUCKY,  )<br>  INC.          )<br>              )<br>         Defendant(s)  )<br>              ) | AP NO.  05-1002 |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment in favor of Defendants Morgan Stapp, Kathleen Stapp and K & M Crafts of Kentucky, Inc. is entered on the Complaint of Debtor/Plaintiff Gary Dewayne Craig. Debtor/Plaintiff Gary Dewayne Craig takes nothing by way of the Complaint and the parties are to bear their own costs.

This is a final and appealable Judgment. There is no just reason for delay.